I am here with Jeffrey Oglesby on behalf of the appellant Keva Sampson. We are discussing this morning two issues that we would ask the court to review de novo involving interpretations of Federal Rule 25. The first issue has to do with the motion to dismiss that was granted by the District Court in its incorrect interpretation of Rule 25. And the second issue involves the Rule 59 motion wherein we ask the court to correct its mistake made in granting the motion to dismiss. Excuse me, with respect to the motion to dismiss, there are certain prerequisites to filing a motion to dismiss under Rule 25. You have to have a suggestion of death that has been served. You have to have 90 days elapsed since the filing of that suggestion of death. And no motion to substitute filed within that 90 day period of the notice of statement of death or suggestion of death. They're used interchangeably. But the other issue is that the suggestion of death has to be served pursuant to either Rule 5 on a party or Rule 4 on a non-party. In this instance, there was no evidence on the record that the non-party was ever served personally with the statement noting death. The court took in the motion based on the representations of counsel and granted the motion. That was it. The court erred in granting that motion without looking at the, well there wasn't any evidence presented. So the court just granted it on the basis of what was represented to it by the movement. Under your theory, it would have required that the non-party be served by the non-party's own attorney, isn't that right? No, not necessarily. Under my theory, the non-party had to be served, period. It's not up to me, I don't have to serve the non-party. But the person that's moving for that motion to dismiss, because that's what they want, it's their obligation to do that, not mine. Because I'm not moving for a motion to dismiss, they are. So that's their obligation. What do they have to serve on the non-party? The person filing the motion to dismiss has to serve what on the non-party? They have to file the suggestion of death. But in this case, that had already been filed, hadn't it? It had been filed, but it had not been served on the non-party. It just didn't happen. The court conceded that in the- The 90-day period had been triggered, is your argument. Pardon me? The 90-day period had not been triggered. Correct. The 90-day period simply had not been triggered. Tell me exactly what had happened with regard to the suggestion of death. I thought the suggestion of death had been filed in conformity with the rule. No, it had been filed, notifying the court that the decedent died. That's it. No service had been made on the non-party, period. That was the testimony in the subsequent 59 hearing. But at the point that that motion to dismiss was granted, the court didn't have that evidence in front of it. All the court had was a representation by ASC, the appellee, that the only thing that was necessary to trigger that 90-day procedure was for the suggestion of death to be filed, period. The appellee said nothing about the fact that service, personal service, was required under rule four. And that's the problem with the court's interpretation of that rule. It didn't look at the complete rule. It only took a small portion of that rule and applied it. What does the record show itself? What's the underlying, what does the record show with regard to the service or non-service? I mean, did nothing reflect there? There's nothing reflected in that motion. There is no mention of service at all in the motion to dismiss, nothing. I understand that, but did the record otherwise show whether or not the suggestion of death was filed in conformity with the rule so as to trigger the- The record clearly shows, and the court concedes, that there is no evidence that the suggestion of death was filed on the non-party. She testified in the hearing that she had not been served. There's nothing else to indicate that she was served. The court conceded that. In the rule 59 motion, in the order entered by the court, the court says, listen, we know that rule four service is required under 25A3. It did not happen in this case, so how do we get around that? That's basically what the court said. Let me ask you this, because you had, and feel free to let me know if I'm not getting this right, but there was a filing of the suggestion of death. Correct. And then that was, subsequent to that, there was this motion to dismiss. Correct. And there was some point where the court ordered the parties to some mediation. Okay, first there's the motion to dismiss. The court granted it. Then we filed a rule 59 e-motion saying, hey, there wasn't rule four service pursuant to 25A3. So in that hearing, the court took testimony with respect to the service issue, and whether or not an executive tricks had been filed, and some other issues. At the conclusion of the hearing, what the court did was say, this is a mess. What do we do? Why don't you guys go to mediation, get some other evidence, and see if you can settle this case. That's what the court did at the rule 59 hearing. Get some other evidence? Yeah, secure some other evidence to see if you can come to a- Evidence of? Of the damages. That's what the court asked. So- Damages on the age discrimination claim? Yes, yes. So, there's no executive tricks, who is a party, so to speak. But the court still directed us to go out, try to resolve the case. All right, and obviously that failed. That failed, correct. That failed. And then, did the court hear any more evidence or testimony before then ruling, because this was on your motion to reconsider, where the court heard testimony and argument. And then, it didn't rule, but ordered mediation. Correct. And then, there was a report to the court that mediation failed, I assume. That's correct, your honor. And then, what did the court do? Then the court made its ruling, denying the motion for reconsideration and the motion to substitute. So, after all that transpired, the court then made its ruling. So, nobody submitted any additional information on who got served what when? No, no, because again, that wasn't in dispute. The court made that clear on the record that, hey, we know that the non-party in this case was not served. How do we get around that? So, what the court then came up with, and again, this has to do with my second issue, the Rule 59 motion. What the court did was took in this evidence to find a way to excuse service under Rule 4. And our position is, you cannot do that. The rules are there for a reason. Rule 4 is there for a reason. Well, the court found constructive notice, is that right? But constructive notice is not allowable under the ransom case decided- All I'm asking you right now is whether or not that's what the court did. The court found that the executrix or administrator of the estate was placed on notice because, in fact, her lawyer knew. Yes, yes, that's what the court- That was the court's finding. That was the court's finding. Which I'm interpreting as constructive notice. Yes, that's- That was the court's finding. I understand your position is that's not allowable under the rule, but that's what the court did, isn't it? The court found constructive notice, yes. And our position, of course, is that that's not allowable in the ransom v Brennan case in this circuit. The court specifically said, no, nothing suffices for personal service. Not actual notice, and by extension, not constructive notice. The purpose of the rules is if you want to bring somebody into a case, a fiduciary, do it the right way. Give them service. If you want to keep somebody out of the case through this motion to dismiss, do that the right way. Give them personal service. Those are- Pardon me? Were you the attorney who filed the- Suggestion of death. I was, your honor. All right. But you were, so, who would have served, who would have made sure that service was made? Was that your responsibility? No, absolutely not. Whose was it? It was ASC's responsibility. If they want to avail themselves of the motion to dismiss, it's incumbent on them to make sure that the rule is followed. Not me, because I'm not moving for a motion to dismiss. They are. So if they want to avail themselves of the motion to dismiss, they have to make sure that the non-party in this instance,  Normally it would be the attorney who files the notice of death to notify the non-parties by serving that notice. There's nothing in the rule that says that, your honor. Absolutely nothing. Because, again, I'm not moving to dismiss. All I'm doing is what I feel is a courtesy to the court. I'm notifying the court that, hey, my client died. That's all that statement of death is meant to do from our perspective. But from the defendant's perspective, if they want to notify the court that a party has died, and they want to avail themselves of that motion to dismiss, they have an obligation to personally serve. Because they're trying to deprive her of a right to continue the case. Can you point to any other situations in which the attorney who files the notice of death is not the attorney who has made service or attempted service? I'm sorry, I don't understand that question. It seems to me it's always going to be the same attorney, and you say it's not. But can you point us to any other case like this where it's a completely different party and a different attorney who would be serving a notice that had been filed by someone else? I can't point to a specific case, but in any instance, if you want to get the ball rolling, if you want that 90 days to roll, then you serve the statement noting death. There's no requirement that I do it. It's not incumbent on me, because I'm not moving for the motion to dismiss. The rule applies to them just like it applies to me. They could have read it. They knew what they could do, but they chose not to do it. All I'm doing is notifying the court that she's dead. The rule says a statement noting death must be served in the same manner. Now what does same manner mean? In the same manner as the motion for substitution. In other words, if you're moving for a motion to substitute and you have to serve a non-party under rule four. The rule reads a motion to substitute together with a notice of hearing must be served on the parties as provided in rule five. And on non-parties as provided in rule four. Correct. So then the last sentence of the rule simply advises that the same rules of service obtained with regard to the noting death. That's right, your honor. And they require that the service be on rule five, which would be on non-parties as provided in rule four. That is, the non-party rule four would be process. Exactly, that's precisely it. Personal service. Yes, but what that, the rule itself requires that the statement be filed that way. In other words, what I'm suggesting to you, you say you have no obligation to do so. It's a separate issue from the question of the consequence of non-filing here. But the rule in its face purports to say, as I read it, that if I'm going to file a suggestion of death, that my filing obligation is the same as the motion to substitute. And it makes sense, because the suggestion of death, you're going to have a, perhaps the natural successor is likely to be an estate, a qualified, independent executor, whatever. But your honor, I think the way that you read it is not exactly what it says. It says service, it's the service clause, that's what it's referring to. A motion to substitute together with the notice of hearing must be served. On the parties as provided in rule five and on non-parties as provided in rule four. And a statement noting death must be served. What we do know is clear. Yes. That noting death has got to conform to the same rules of service as a motion to substitute, agree? Agreed. But not the filing. It doesn't say that. It says not the filing of the statement noting death. Not the, not, me presenting it to the court is not an issue. You're saying that you did serve in conjunction with, on non-parties as provided in rule four? I did not. And I'm saying I didn't have an obligation to do that. Because I'm not moving for the motion to dismiss. Okay, all right. What do you do with the language that the statement noting death must be served in the same manner, which means rule four? Because it says served. It doesn't say filed with the court. It says served. Must be served. Not filed with the court. Well, was it done? It was not served on the non-party. That is true. It was not served on the non-party. But it was, and it was not served in the same manner because I don't have to serve it. Your Honor, the point of this is to make sure that whoever you're trying to bring in or keep out of the case has service under the law, due process notice, and are properly either kicked out or brought in. But I'm not trying to kick anybody out. You didn't have the obligation to do anything. I didn't have an obligation to serve anybody. I filed the statement noting death to let the court know that she was dead. That's the only purpose for me filing the statement noting death, to let the court know my client is dead. To do otherwise to me would be unwise and unfair to the court. To let the court think that, oh, this case- You sent a copy of that to the other side in the AIDS discrimination case. I served the party, the statement noting death. That is correct. I did do that. And I see my time is up. I reserve- I guess you've saved time for rebuttal. Thank you. Thank you. Mr. Kelly? May it please the court. Peter Kelly on behalf of ASC Industries. When reviewing the case law in this, it was astounding that in every aspect, in every point of the decision tree or flow chart on how to apply Rule 25, there seems to be a circuit split on who can serve the suggestion of death. Whether the attorney can serve the suggestion of death, whom has filed this motion for substitution. And the case law is all over the place because the fact patterns seem to differ. So it's very difficult to figure out what the actual rule is governing the application of Rule 25 nationally. But in this particular instance, the court is assisted by three different things that can help us come up with a rule. First is that we're reviewing this under Rule 59 motion. You have to look for manifest error. That's a very high burden for the appellant to meet. Secondly, Rule 25, and this is in the comments to the 1963 revisions to the rule in some subsequent cases. In this instance, it's for the protection of the defendants. So you don't have a lawsuit just pending out there without a plaintiff to push it forward. You don't have the, there's just not a case that's been stayed or abated or sitting there waiting for someone to finally take action to push it forward. So it is for the protection of the defendants. And third, we have very particular findings of fact made by the trial court, which have not been challenged on appeal. The only thing that has been challenged on appeal is whether service is actually necessary, not the particular fact findings that were made by the trial court. And those are on page 16 to 18 of its, there are four particular findings, 16 to 18 of the trial court slip opinion. First is that Ms. Oglesby represented the estate of Ms. Brough from May 2013. Secondly, that Ms. Sampson was informed of the deadline. Ms. Sampson was Ms. Brough's daughter, was informed of the deadlines and knew of the 90 day deadline. Maybe not specifically that it was 90 days, but knew that there were impending deadlines where she had to take action. Third, that Ms. Sampson knew of the filing of the suggestion of death and that Sampson and Oglesby, Ms. Sampson and Ms. Oglesby, both knew that Ms. Sampson was designated as the executor of Ms. Brough's will. The counsel opposite argues that there is no service of the notice of death was made under the rule. Well, then we have to- Is that right? I thought that's what their argument is. And the rule says that the 90 days is triggered as follows. If the motion is not made within 90 days after when? After service of a statement, noting the death, and then it says how do you make service? Now, was service made or not? There was not service made on Ms., there was not rule for service made on Ms. Brough. But if we look at the- Who triggered the 90 days? The fact that it was Ms. Brough herself acting through her attorney, Ms. Oglesby, who made the suggestion of death. I don't understand what you just said. No service was made? Well, service was made on the defendant. And it actually just says after service has been made. The rule is very oddly written and it's written in the passive voice. Pardon? Yes, it's a statement must be served in the same manner. And you go back to the, it says a motion to substitute, it must be served on non-parties as provided in rule four. Well, then the question is, but if the non-party is the one making the service, or making the suggestion, how does she serve herself? Your argument, it seems to me, comes down to what you just said, which is that it's nonsensical to expect or think that an attorney would be required to serve his or her own client. Correct, Your Honor. Under rule four. Correct. There's no analog to that. There's no other situation I can think of. In fact, it would put, it puts the attorney in a kind of a conflict of interest because it's to the client's, in the client's interest for the service to be imperfect in some way. And obviously the attorney has an obligation, if at all, to file, to make service correctly. Correct. And otherwise it would just sort of sit out, it could just sit out there forever and there would never be an actual triggering. Well, my client dies, and I've had a notice of the—advised the court, I've been to give notice to the court, my client has died. And I don't serve anybody, and the non-party has never served, the non-party being the state that follows. The 90-day period, nonetheless, runs. See, my point, my focus is, what triggers the 90 days? And the rule says on its face that what triggers it is that it is not just a suggestion of death, it is a suggestion of death filed in conformity with the rule. Well, if— Third, I'm sorry. Look at the third sentence of A-1. It says, if the motion is not made within 90 days after service of a statement noting death. Was there a statement served? Yes, it was served on ASC Industries. So there was service, Rule 5, service made on ASC Industries. Then the—so from ASC Industries' point of view— Well, but it also says a statement noting death must be served. That describes what happens if service is made, but you omit the definition. The rule also says what service is required, and that was not done. Well, that's—then we go down to 3, and it says the substitute must be— motion substitute together with notice of hearing, and also the statement must be served in the same manner. On parties in accordance with Rule 5, that happens. We did have service on ASC Industries, so that is a triggering event. And on non-parties, as provided in Rule 4. First of all, it doesn't say which non-parties need to be served. Does the non-party making the suggestion have to serve itself? Now, in the two Fifth Circuit cases— I thought it was a mistake. Pardon? It's a different entity. It is a different entity from the original plaintiff, but that's under the control of the plaintiff and the executor. But then we have to return to what the findings of the district court were, which are not challenged. Sorry, but the rule addresses service both to non-parties and to parties. Correct. And what you're saying is that you trigger the 90 days even though there's no non-party notice. And that means that the non-party, the state, is left out of this, and you kill the lawsuit. Well, no, Your Honor, because the attorney, Ms. Oglesby, was acting on behalf of Ms. Sampson at that time. So when— Acting on behalf of the state? Pardon? Acting on behalf of the state? Well, according to the findings of fact made by the district court, that Ms. Oglesby was representing the estate from May 2013. That is an unchallenged finding. So if we start with that fact, Ms. Oglesby was acting on behalf of the estate when she made the suggestion of death. So then, because she stands in the shoes of the estate, she's acting as the estate, as the attorney. How is she supposed to serve herself? Does she have to hire a process server? Well, your argument is that service was effective, essentially. That's what you're saying. Because Ms. Oglesby represented the non-party. The non-party is the estate, right? Right. The non-party is the estate. And you're saying Ms. Oglesby represented the estate, so therefore it was— Now, when the service was never made, that's a fact—that's a common sense rating of the rule. I'm not sure what you do with the plain language of the rule. Because it's whether or not service or self. Well, I mean, the appellant's brief in this case acknowledges and doesn't challenge the district court's finding that at that time, quote, for all intents and purposes, Oglesby was Sampson's attorney. So obviously the knowledge of Oglesby having filed the statement is imputed to Sampson, who was at that time the client. Isn't that your argument? Well, I think we're constrained by the district court's findings because they have not been— And that was the finding. That was a very explicit finding on page 16. It's the first of his four findings. And his fourth finding on page 18 was Oglesby was acting on behalf of Sampson during all relevant periods of this. I mean, the case would be quite different if, in fact, Sampson had not retained Oglesby as the lawyer in the proceedings from that point. That would be a different factual situation. Or if there had been some sort of discharge letter or some non-recognition that Ms. Oglesby was representing Sampson. But, I mean, I think we're constrained here by those findings that the district court made because they were not challenged in the deal. Let's change the facts just a bit. Let's say that the suggestion of death was filed, exactly as it was in this case, and wasn't served on anybody. That does not comply with Rule 25. It has to be served. It wasn't served on anybody. In this case, apparently, it was served on ASC Industries. Yes, sir. Right? Yes, sir. Let's change it so it wasn't served on anybody. When do the 90 days begin to run in that event? It has not begun to run yet. And so if ASC Industries then wanted to move to dismiss the case, what would it have to do to effect dismissal of the case? It would file its own suggestion of death. Usually that's what happens in this case because a plaintiff will die. This is a little bit unusual. I want to get past that. It would file its own suggestion of death. That's already been filed in this case. I want to hurry up and get to serving somebody. But then what would ACS do in connection with serving? It could take that suggestion of death that's been filed with the court and then serve it on parties in conformance with Rule 5 and on non-parties. The party in this case is dead. So then what would it do? It would serve in conformity with Rule 4. Although it's a little bit counterintuitive, you would have to serve the plaintiff with process. Because the reason, as the court explained in Ransom, the reason you have the requirement. . . And in this case, who would that be? That would be. . . The dead plaintiff. Or the attorney. The attorney for. . . So there wouldn't have to be any service on a non-party, any notice that you may have a claim out there that you can pursue. That wouldn't have to occur. The notice would be. . . What you're telling me is service would be service on the attorney for the decedent. I misspoke, Your Honor. Because it requires Rule 4 service and service of process on the non-party. If the defendant were doing it, it would have to do Rule 4 service of process on Ms. Sampson herself. Okay. Right. So they would have to serve the non-party. And then the date of that service would be the beginning of the running of the 90 days. Yes, Your Honor. All right. And the reason for that is to alert non-parties or individuals that they will have litigation obligations, that they have a claim that they need to pursue. But if the knowledge is already in the possession of the attorney for the estate, in this case Ms. Oglesby, that knowledge is imputed to Ms. Sampson. Where is that in the rule? That's not in the rule. That's what I'm saying. It's a little bit nonsensical that in this instance where it's Ms. Oglesby who has filed the suggestion of death. I mean she is aware of the obligations, of the litigation obligations already. So that's why it's nonsensical to require her to serve her own client with process. Well, it may be nonsensical, but it's only because she initiated the notice of filing. Another way to read the rule is that the non-party is exactly what the rule says, that you have to conform with the service of process. And the reason for that is that in a lot of these cases across the board, you're going to have an estate, an independent executive, or someone representing the deceased party, which may or may not be the party that represented them prior to death. Then that party has to—the rule says that they're supposed to be served in that conformity. And we say, well, that doesn't make sense in this case, so we don't follow the rule. I mean, I— Well, except that in this case— In the rule language, you would find support for your position. Well, it would seem to me that service is a transitive act. You know, one party serves another with papers. One party causes another party to be served with process. And how do you do a transitive act when you're serving yourself? I mean, it becomes a reflexive act. But what— Service of process also causes filing and papers with the court, et cetera. It gets public notice out there, and it ensures that the correct party presumably is now before the court. And what you leave open is uncertainty about who represents whatever. You've got to have fact findings about that. But we do have fact findings about that in this case. I have a lot of trouble with saying the rule here doesn't work, so we don't follow it. I don't think that's what we're asking the court to say. We're asking the court—because the rule is phrased in the passive with service— It says service on non— It says after—but it doesn't say who has to— If you have a judgment against that, effectively you foreclose this lawsuit. It cannot be perpetuated by the state of this deceased against your client. Well, the problem with the rule, it doesn't say who has to affect the service. And what we have in this very unusual fact situation is the appellant is asking that the court require that the appellant serve itself. The main way to read a rule is it's nonsensical to allow a party who has been sued in a lawsuit to escape on these facts. You aren't the beneficiary. I mean, we don't play nonsense games. What's nonsensical about this is your client walks out without an adjudication of liability, period. So once we move off the language of the rule and start talking nonsense, I don't argue with you about what's nonsensical. And your client walking free on this free ride is equally as unjust a result as the other way. Why don't we just follow the rule? Well, to be fair, Your Honor, this is referred to as akin to a statute of limitations. And if a plaintiff blows the statute of limitations, is it fair that the defendant never has to answer for its negligence? And I'm sorry, are you telling me that ASC made a conscious decision? Because in our earlier exchange, you admitted that they would need to serve the non-party. Are you saying but for the fact that the non-party was represented by the same counsel as the plaintiff in this case, they would have needed to get service on the non-party of the suggestion of death? Is that what you told me? Well, in a different factual situation, there would be different duties. But in this particular factual situation, as the facts were found by the district court, it did not have the duty to do that because it was the estate itself acting through Ms. Oglesby that made the suggestion of death. And so ASC knew that when it filed their motion to dismiss. They knew that, and that influenced their decision that they didn't need to effect service on the non-party. Is that what you're telling me? That's not in the record, Your Honor. I don't know the precise thought processes. Because but for that fact, that's the sole fact on which the court determined that service didn't have to occur, is that there was constructive notice already. Isn't that right? I don't believe the court specifically said constructive notice, but that's— Well, it said the lawyer was representing the estate, and the lawyer knew, so there was no need to follow this rule that said service on the non-party. Well, I think notice to the lawyer is actual notice and not constructive notice. All right. Because knowledge is imputed, so that's why the court does not say constructive notice. It is actual notice to the party by giving—that's how Rule 5 works. Who found the notice of death? The suggestion of death was filed by Ms. Oglesby. By what? By Ms. Oglesby, by the attorney— By the plaintiff in the suit before death? Yes. The lawyer—so I'm in a lawsuit. My client dies, and I file a suggestion. I notify the court that my client is dead. That triggers the statute of limitations, as you read the rule. Because I represent her, and the rules contemplate that. I may not necessarily be representing—in this situation, I'm not going to be representing the estate. I've got a wealthy client. I'm going to be representing him in a lawsuit. I'm going to qualify the deal, and what he needs is estate attorneys and tax lawyers and all that for his estate. I'm the last person that's going to be representing that estate, but I'm just a trial lawyer. But if I file the suggestion of death, then somebody better scramble and get that estate qualified and get down there and file something else to protect you when you can protect yourself. And that's why numerous cases from the Second Circuit, Seventh Circuit, Sixth Circuit, all say that the remedy in that situation is to request extensions of time and request enlargements of time until the ducks can be in a row and a proper personal representative for the estate appointed. Your client knew—you knew exactly what was going on the whole time. You obviously laid back, took advantage of the late 90 days. You knew the person was dead, and you knew then, you're arguing now, that all these files— When would that never be the case, once the suggestion of death is filed? Well, that's why the question is not—the question is what triggers the 90 days. And you say, well, because they knew, then the 90 days began to run. Well, you knew, too, and the 90 days—so, I mean, if we're going to use this imputed knowledge thing that says nonsensical, I'm just pointing to you knew it at the same time. Nobody's laid behind a log with you. Correct, and we have no financial interest, no equitable interest at all, in having the pursuit continue. I understand you're representing your client. I'm not fussing at you. I'm just trying to figure out how do you deal with it. I found this case enigmatic, frankly. I mean, to put it in as simple terms as possible, we have three actors here. We have Ms. Breaux, who died, then Ms. Sampson, who is the representative of the estate, who is in turn represented by Ms. Oglesby, right? That's three actors, right? Then you have ASC Industries. Now, the rule requires there be service. The service is made by Ms. Sampson through her attorney—the service of the suggestion of death through her attorney, Ms. Oglesby. That is served on ASC. That is service under Rule 5. It triggers the 90—who else? And is it then ASC's responsibility to serve—to cross-serve with process? Someone who has just served them under Rule 5? Well, in order to trigger it, yes. In order to trigger the rule, the counterargument is, well, what we're talking about, the question is, what triggers the 90 days? And the answer is, well, 90 days is not triggered unless that non-party has actually served in the form of the rule. That has no—the only consequence here would have been this lawsuit would have gone on properly. Except that the reason you have the service requirement to begin with is to alert the party that they're on a clock, that they're on a deadline. Including the defendant. Including the defendant. Now, someone files a suggestion of death. They know there's—the clock is there. They already know it. So there's no point in requiring cross-service by process back to the person who just served it. I know it, but you're assuming—I don't understand how that could have influenced your informed decision just by reading the rule that a non-party needed to be served the suggestion of death. What you're telling me is we knew right away that the lawyer who was representing the decedent also represented the estate. And so we made a conscious decision not to serve the suggestion of death. Because otherwise, in accordance with the rule, we knew we would have needed to have served it on this non-party. That's what you're telling me. Right? No. That the service was—when the representations made by Ms. Oglesby, no further inquiry was made, then there was the motion to dismiss, to which there was no response. At that point, extenuating circumstances could have been raised, the fact that there may not have been an attorney-client relationship, any of these things. But from ASC's perspective, the knowledge that they have, they have received service under Rule 5 of the suggestion of death. So they calendar 90 days. Day 91, they're entitled to file a motion to dismiss. And so they do. Now you're putting the burden on the defendant to inquire, is there an estate open? Who's the personal representative? Is there a power of attorney signed with the personal representative and the attorney? And that's not the defendant's bailiwick. That's not their duty to make sure that the plaintiff has all their ducks in a row, that they have capacity to sue, capacity to proceed. In terms of ducks in a row, you didn't need to, when you filed a motion to dismiss, you didn't need to serve that suggestion of death on the non-party. From ASC's perspective— You knew you didn't need to at the time you filed a motion to dismiss. No, because we didn't—we assumed that the clock was ticking because there had been a suggestion of death filed in compliance with Rule 5, proper certificate of service on it, serving it to ASC industries. So from our perspective, 90 days started ticking on May 24th or whatever it was, and then we filed the motion to dismiss. They were a non-party. Now you say they're common representatives. The court said, well, that's just nonsensical. I understand that. But the difficulty I'm having with that is our question is, what triggers 90 days? This is a dramatic—this is a draconian response. This lawsuit is dismissed in 90 days, and what triggers that? And you say, well, that would be nonsensical. It seems to me that the party that's going to get benefit from this 90 days, when they know about it, too, if you want the benefit of dismissal, you need to conform with—be sure that—you can file a notice of death, too, and serve it in conformity with the rule by serving the estate. Handing it to them under Rule 4 is not good enough. Right? But then why can't—what I'm having trouble with is why can't ASC rely on the representations made by the other party? I have a suggestion to you. How do we rig this rule? That's fair. I'm just giving you a counterargument that the district court—it's counter to the district court's view of it—that the defendant is protected. You know. And if you want the benefit of 90-day rule, you need to be sure that you serve that non-party. And you say, well, how do we know? Well, until you don't have anybody suing you. Well, from ASC's perspective, what we're talking about, we look at the Fifth Circuit cases governing it. We look at Ransom, and we look at the Wray case from 2004, which was not published. In both of those instances, the 90 days started running when the attorney for the decedent—not the representative, not the executor or executrix—when the attorney for the decedent files the suggestion of death. So you look at those precedents, and you say, well, it's running. The attorney for the decedent has filed it. And in reliance on that, we'll file a motion to dismiss on Day 91. Any further questions? Thank you, Mr. Kelly. Ms. Oglesby, you've saved time for rebuttal. Thank you, Your Honor. So why was there no opposition filed to the motion to dismiss? Because there was no time to file it. There was absolutely no time to file it, aside from the fact that I hadn't been retained. The motion to dismiss was filed on a Thursday. The motion for leave to dismiss was filed on a Thursday. This is a paper filing court, by the way, Your Honor. Before a long weekend holiday. Pardon me? Before a long weekend holiday. Yeah. Monday was Labor Day. On Tuesday, the court granted the motion. There was nowhere in that period of time that any opposition could have been filed. And that was brought to the court's attention, too. With respect to counsel's argument— How long— Pardon me? How long beyond the 90-day period was that? That would have been maybe two weeks. Perhaps two weeks. The statement noting death was filed on May 24th. That motion was filed on August 29th. So approximately two weeks. But with respect to what counsel said, Ransom doesn't say what he said it says. What Ransom says is that if you want, as I said before, if you want to bring in a third party or a non-party, you have to give them notice. That's how the court gets the jurisdiction. And the same thing applies with respect to you kicking out a party. You have to do the same thing. You have to comply with the Rule 4 requirement because that's the due process portion of that Rule 4. That's the rule. It's not triggered until service is made on the non-party. When they filed that motion to dismiss, they didn't know that I was representing anybody. All they knew was that I had represented the plaintiff. That's all that they knew. And they specifically did not refer to 25A3 because it hadn't happened. That's why they didn't put that in the motion to dismiss. The court didn't ask for a hearing, took no evidence. That's what happened. And under those set of circumstances, it's not fair, as you suggested, Your Honor, to kick this case out when they didn't follow the rules. The rules are there for a reason. Follow the rules. There was nothing stopping them from filing a suggestion of death and personally serving the fiduciary. The fiduciary was, they didn't serve her. If there are no further questions, I yield. Thank you, Ms. Ogilvie. Your case is under submission. Last case for today, Hines v. Aldridge.